UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| NICHOLAS KNOPICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:15-CV-005073-TLB |
| | ) | |
| JODI BREEDLOVE; and | ) | |
| MICHAEL BREEDLOVE | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE**

Comes now the Plaintiff, Nick Knopick, by and through his undersigned counsel, and for his Supplemental Response to Order to Show Cause, states and alleges as follows:

1. Plaintiff contends that this Court has subject matter jurisdiction based upon 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

2. The Amended Complaint alleges that the parties are citizens of different states. Plaintiff is a resident of Texas (see Amended Complaint, ECF No. 37, ¶ 4), and all Defendants are residents of Arkansas (see Amended Complaint, ECF No. 37, ¶¶ 5-10).

3. The Amended Complaint also alleges that the amount in controversy exceeds $75,000 (ECF No. 37, page 13, ¶1 of the prayer).

4. In Count II of his Amended Complaint, Plaintiff alleges that the Breedloves took (a) United States currency from the store cash registers, (b) a computer, and (c) numerous items of inventory from the Bull Shoals Hardware store that was then the property of the Plaintiff, without Plaintiff's consent, and inconsistent with Plaintiff's rights to possess the property. (See Amended

Complaint, ECF No. 37, ¶ 55.)

5. In Count I of his Amended Complaint, Plaintiff sought the same damages against the Marion County Defendants. (See Amended Complaint, ECF No. 37, ¶ 52.)

6. As the Court is aware, Plaintiff has settled his claim against the Marion County Defendants, leaving only the Breedloves as Defendants in the case. However, as discussed above, the damages claimed against the Breedloves are the same as those claimed against the Marion County Defendants, and the largest element of Plaintiff's damages claim is his lost inventory. Based upon the Declaration of Plaintiff, attached hereto as Exhibit "A," which was executed on June 27, 2013, Plaintiff believes that the cost of the missing inventory totals $579,206.92.

7. Plaintiff bases his believe of the value of the missing inventory upon inventories conducted on his behalf after the termination of the Breedloves' lease and the value of the inventory at the time he purchased the store.

8. "When the [] parties to an action are citizens of different states, as they are here, a federal district court's jurisdiction extends to 'all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'" *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir.2002) (quoting 28 U.S.C. § 1332(a)). "'[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." ' " *Id.* (quoting *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir.1994) (*quoting* in turn *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938))). "'If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence.'" *Kopp*, 280 F.3d at 884–85 (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 188–89, 56 S.Ct. 780, 80

L.Ed. 1135 (1936)).

> When the "legal certainty" standard announced in *Larkin* is combined with the burden of proof established in *McNutt*, it appears that the relevant legal rule is that the proponent of diversity jurisdiction must prove a negative by a preponderance of the evidence in order to avoid dismissal of his or her case. A leading treatise, for example, suggests that the proponent of federal jurisdiction must show "that it does not appear to a legal certainty that the claim for relief is for less than the statutorily prescribed jurisdictional amount." 14B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3702 (3d ed.1998).
>
> *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010).

9.Applying this standard to the instant case, based upon the Declaration of Mr. Knopick and the damages alleged in his Amended Complaint, Plaintiff has met his burden to prove by a preponderance of the evidence that it is NOT a legal certainty that his claim is for less than the jurisdictional amount. As such, this Court has jurisdiction under 28 U.S.C. § 1332.

WHEREFORE, premises considered, Plaintiff prays that the Court refrain from dismissing the case and continue to exercise jurisdiction over this case.

        Respectfully submitted,
        Nicholas Knopick, Plaintiff

By:*/s/ Casey Castleberry*
    M. Blair Arnold, ABA #78004
    Kenneth P. "Casey" Castleberry, ABA #2003109
    Bill Arnold. ABA #2013031
    MURPHY, THOMPSON, ARNOLD,
     SKINNER & CASTLEBERRY
    555 East Main Street, Suite 200
    Post Office Box 2595
    Batesville, Arkansas 72503
    Telephone: 870-793-3821
    Facsimile: 870-793-3815
    mbarnold@swbell.net
    caseycastleberry2003@yahoo.com
    attorneybillarnold@gmail.com

        James G. Lingle, ABA #76070
        LINGLE LAW FIRM
        110 S. Dixieland Road
        Rogers, Arkansas 72758
        Telephone: (479) 636-7899
        Facsimile: (479) 636-4941
        jim@linglelaw.com

        Jeff H. Lehman, *pro hac vice*
        JEFF H. LEHMAN, P.C.
        211 N. Record Street, Suite 450
        Dallas, Texas 75202
        Telephone:  (214) 748-0681
        Facsimile:  (214) 742-7313
        jeff.lehman@jhlpc.com

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system.  As such, this pleading was served on all counsel who are deemed to have consented to electronic service.  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by regular mail on this 22nd day of March, 2016

                  / s / *Casey Castleberry*
                  Attorney